```
       IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF KANSAS
```

**MICHAEL WILLIAM**
**NORRIS,**
                  **Petitioner,**

        v.                        CASE NO. 07-3096-SAC

**STATE OF KANSAS,**
                  **Respondent.**

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which shall be granted.

Mr. Norris seeks to challenge convictions and the 49-month sentence entered against him on February 15, 2005, in state court in Abilene, Kansas, for forgery, felony theft, attempted aggravated burglary, and aggravated escape. He alleges he pled guilty pursuant to plea agreements. Petitioner further alleges he appealed his sentence to the Kansas Supreme Court on the ground that the state district court erred by enhancing his sentence based upon a criminal history "that was not charged in the complaint and proved" to the jury beyond a reasonable doubt. He also alleges he has not filed a state post-conviction motion.

As grounds for this federal Petition Mr. Norris makes the same claim he raised on direct appeal. He raises the additional claim that he should have been charged with misdemeanor escape instead of aggravated escape. Mr. Norris admits he did not raise the latter claim on direct appeal, but states this was due to his counsel's failure at the Supreme Court level, and his not becoming aware of

this claim until his appeal had been denied.

    Section 2254(b)(1) of 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State;"

[28 U.S.C. 2254(b)(1)(A)], or the applicant shows that State corrective process is either unavailable or ineffective, 28 U.S.C. 2254(b)(1)(B).  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

    Mr. Norris admits he did not present his second claim to the highest state court on direct appeal or by post-conviction motion. Before he may proceed in federal court, he must seek post-conviction relief on his unexhausted claim in the state district court in which he was tried.  If relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review in the Kansas Supreme Court.  Petitioner is forewarned that the one-year statute of limitations for filing a federal habeas corpus action is tolled during the time a properly filed state habeas action is pending but

not during the time a prematurely filed federal habeas petition, such as this one, is pending.

For the foregoing reasons the court finds petitioner has not exhausted state court remedies on one of his two claims; and this action must be dismissed, without prejudice, as a result.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and this action is dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge